

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/14/2016

| | | |
|---|---|---|
| IN RE: | § | |
| JESSY J. SALAZAR; aka SALAZAR; fka | § | CASE NO: 14-34691 |
| MATUTE DE SALAZAR | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 13 |

## MEMORANDUM OPINION

This Memorandum Opinion resolves Jessy Salazar's objection to Ben Glisan's Notice of Postpetition Mortgage Fees, Expenses and Charges. (ECF No. 86). Glisan's notice concerns $6,096.60 for attorney's fees and expenses billed from January 1, 2015 through May 30, 2015. (ECF No. 84). Glisan filed the notice on April 25, 2016. (*Id.*). Salazar objects to Glisan's notice because it was not served within 180 days after the date on which the fees, expenses, and charges were incurred in accordance with Rule 3002.1(c). Fed. R. Bankr. P. 3002.1(c); (ECF No. 86 at 3). Salazar requests the Court disallow Glisan's claim. For the reasons set forth below, Glisan's fees and expenses are denied.

### Background

The parties do not dispute the date on which the notice was filed (April 25, 2016), nor the dates on which the fees and expenses were incurred (January 2015 through May 2015). Indeed, Glisan acknowledges his failure to comply with the 180-day requirement set forth in Rule 3002.1. Instead, the dispute centers on the consequences of the violation. Glisan argues that the consequence of failing to timely file the notice depends on whether the failure was substantially justified or is harmless as set forth 3002.1(i). Salazar argues that the consequence is disallowance of the fees and expenses noticed in violation of 3002.1(c).

**Jurisdiction and Authority**

This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157.

**Analysis**

The Bankruptcy Rule provisions at issue are 3002.1(c) and 3002.1(i).  They are reproduced below:

> **(c) Notice of Fees, Expenses, and Charges.**  The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence.  The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.
>
> **(i) Failure to Notify.**  If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>
>> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified, or is harmless; or
>>
>> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3002.1.

*Failure to File a Notice is a Separate Issue from Failing to Provide Information in the Notice*

Subparagraph (c) of 3002.1 is unequivocal that "[t]he notice *shall* be served within 180 days after the date on which the fees, expenses, or charges are incurred." *Id.* (emphasis added). The mandatory nature of the word "shall" in 3002.1(c) suggests that the notice must be filed within the 180-day deadline.  If no statutory recourse is available for failure to satisfy the 180-

day requirement, it is certainly possible that such conduct would result in the creditor forfeiting its ability to collect the fees and expenses referenced in the deficient notice.  Put simply, if a creditor fails to comply with the rule's requirements, it is not entitled to the rule's benefits.  *In re Ogden*, 532 B.R. 329, 333 (Bankr. D. Colo. 2014) ("Based on [subparagraph (c)], it would be logical to conclude that the fees and charges will no longer be collectable against the Debtor or her home if the Bank fails to comply with this provision.").  This Court has recently stated, concerning notice under subparagraph (c), "[i]f a creditor files late, it could potentially forfeit its right to repayment." *In re Trevino*, 535 B.R. 110, 134 (Bankr. S.D. Tex. 2015).

If subparagraph (c) existed in isolation, there is little doubt this would be the correct approach.  However, subparagraph (i) must be considered.  Notwithstanding its title, "failure to notify,"[1] (i) appears to contemplate the failure to provide "information" as required by certain other subparagraphs, including (c).  If a violation of subparagraph (c)'s 180-day requirement constitutes a failure to provide "information" as contemplated by (i), then, it would appear, a court could take action pursuant to (i).  The Court must first determine the meaning of "information" in subparagraph (i) before it determines whether subparagraph (i) applies to an untimely notice filed in violation of (c).

The text of subparagraph (i) appears to have been imported from subparagraph (c)(2)(D) of Rule 3001.  Rule 3001(c) deals with attaching supporting information to certain proofs of claim that are filed.  If a claim is based on a writing, 3001(c) generally requires the creditor to (1)

---

[1] The most compelling support for the proposition that (i) is applicable to untimely notices filed in violation of (c) is its title: *Failure to Notify*.  The plain language of the rule is the primary source of determining the rule's meaning. However, if a rule is ambiguous, the title of the rule may be considered to inform the meaning of the rule.  *See Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 212 (1998) ("the title of a statute cannot limit the plain meaning of the text. For interpretive purposes, [the title] is of use only when it sheds light on some ambiguous word or phrase.").  The Court has not concluded that the statute is ambiguous.  Moreover, even if subparagraph (i) does apply to Glisan's violation of (c), it would not affect the result in this case.  Accordingly, at this time, the Court will not give consideration to the title of subparagraph (i).

file a copy of the writing with the proof of claim or (2) account for its absence. Fed. R. Bankr. P. 3001(c)(1). If the claim is filed in an individual debtor's case, additional information may be required. *Id.* at (c)(2). If the holder of a claim fails to provide "information" required by 3001(c) the court may take the same action authorized by Rule 3002.1(i). *Id.* at (c)(2)(D).

In the context of Rule 3001, the meaning of information is clear. It refers to, among other things, the writing upon which an asserted claim is based, the creditor's explanation for not providing the writing, and the additional information required when filing proofs of claim in individual debtor cases.

Rule 3002.1(c) requires that the claimant file and serve a notice of the amount claimed. It also requires that the notice include an itemization of the fees, expenses and charges. Historically, proofs of claim on home mortgage often failed to include an itemization of the amounts claimed by the holder. The itemization requirement in subparagraph (c) is designed to provide information to allow parties-in-interest to evaluate the merits of the notice.

The Advisory Committee Notes shed light on this purpose. "Subdivision (c) requires an itemized notice to be given, within 180 days of incurrence, of any postpetition fees, expenses, or charges that the holder of the claim asserts are recoverable from the debtor or against the debtor's principal residence. This might include, for example, inspection fees, late charges, or attorney's fees." The itemization could then be compared to the mortgage or deed of trust to determine if the itemized fees are of a type recoverable under the mortgage or deed of trust. Without an itemization, there could be no meaningful evaluation.

Accordingly, the Court finds that the "information" referenced in subparagraph "i" is the itemization of the charges. The failure to file a timely notice at all is not the failure to provide the "information" required by subparagraph (c).

The failure to timely notice cannot qualify as failing to provide "information"—unless the notice itself *is* the "information" contemplated by subparagraph (i). That conclusion, however, is at odds with how the term "information" was used in Rule 3001, which clearly distinguishes between the proof of claim and the supporting information that is required to be attached. *See* Fed. R. Bankr. P. 3001.

If subparagraph (i) does not apply to a claimant's failure to timely file notice, those postpetition fees and expenses set forth in the notice would be uncollectable as against the debtor because they were noticed in violation of the rule, and there is no rule that provides for curing the failure.

*Effect of Subparagraph (i)*

Subparagraph (i) allows a court to preclude a claimant from presenting omitted information as evidence in any contested matter or adversary proceeding. A proceeding could arise in which information that was omitted from a notice (or attached to a notice that was not timely filed) would be relevant. If the omission or failure to timely file was substantially justified or harmless, a court could allow the admission of the information as evidence in the proceeding.

Nothing in subparagraph (i) purports to extend the generous 180-day deadline in subparagraph (c), and Glisan never credibly explains how the language in subparagraph (i) reinstates the invalid notice.

## Conclusion

The fees and expenses requested in Glisan's untimely notice are disallowed. The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **October 14, 2016.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE